Filed 5/10/21  P. v. Hussain CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SULTAN ABDULLAH HUSSAIN,<br><br>Defendant and Appellant. | F079372<br><br>(Super. Ct. No. F18901450)<br><br>**OPINION** |

-----

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P.J., Franson, J. and Peña, J.

Appointed counsel for defendant Sultan Abdullah Hussain asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. We remand for correction of a clerical error in the abstract of judgment, but we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm.

## BACKGROUND

On February 25, 2018, defendant met with a man who was selling his Nissan in Fresno. The man let defendant sit in the driver's seat and start the engine. Defendant then drove away with the Nissan. The man reported his Nissan as stolen.

Later the same day, defendant approached three women stopped at a gas station with a Kia. Defendant got into the Kia's driver's seat and told the women inside the Kia he had a gun and would shoot them unless they got out. The women ran and hid. Defendant tried to start the Kia but was confused by the push-button ignition. He took a cell phone from the Kia and went into the gas station's mini-mart. He told the two employees that he had a gun and needed someone to give him their keys. He went behind the counter and took a set of keys. The employees tried to stop him, and defendant struck one of them repeatedly. The employees pushed defendant out the door, locked it, and called the police.

Outside, defendant tried to take several other vehicles. When a couple drove up in a pickup truck, defendant took it and fled, leaving the stolen Nissan behind.

That night, San Luis Obispo deputies apprehended defendant when he was driving the pickup erratically at high speeds. Fresno County deputies then took defendant into custody.

2.

On October 1, 2018, the Fresno County District Attorney charged defendant with carjacking (Pen. Code, § 215, subd. (a);**1** count 1), attempted carjacking (§§ 664, 215, subd. (a); count 2), two counts of second degree robbery (§ 211; counts 3 & 4), and receiving a stolen vehicle (§ 496d, subd. (a); count 5).

On February 14, 2019, defendant pled no contest to all counts in exchange for an indicated five-year sentence lid.

On April 11, 2019, the trial court held a *Marsden***2** hearing, as defendant requested, but did not make a ruling because defendant stated he wished to retain private counsel.

On May 2, 2019, defendant had not hired private counsel. He waived his right to a *Marsden* hearing and his right to change his plea. The trial court informed defendant it would not be following its indicated sentence. Defendant declined the opportunity to withdraw his plea and opted for a six-year term with credits. The court then sentenced him to six years in prison, as follows: five years on count 1 and one consecutive year on count 4. The court imposed concurrent terms on the remaining counts: two years six months on count 2, three years on count 3, and two years on count 5. The court awarded credits and imposed fines and fees, which it then suspended pursuant to *People v. Duenas* (2019) 30 Cal.App.5th 1157.

On May 28, 2019, defendant filed a notice of appeal.

After reviewing the record, we find no arguable error on appeal that would result in a disposition more favorable to defendant. We have, however, found a clerical error that requires correction. On count 2, attempted carjacking, the trial court sentenced defendant to the "middle term of 2.5 years or 30 months."**3** The minute order and

---

**1**     All statutory references are to the Penal Code.

**2**     *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

**3**     The middle term of attempted carjacking is half the term of the offense itself (half of five years is 2.5 years). (§ 215, subd. (b) ["Carjacking is punishable by imprisonment in the state prison for a term of three, five, or nine years."]; § 664, subd. (a) ["If the crime

abstract of judgment erroneously reflect a concurrent term of two years five months, rather than two years *six* months. We will remand with instructions to correct the clerical error.

## DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court with directions to amend the abstract of judgment to reflect a two year *six* month (not two year five month) concurrent term on count 2 for attempted carjacking, and to forward copies of the amended abstract to the appropriate entities.

---

attempted is punishable by imprisonment in the state prison, or by imprisonment pursuant to subdivision (h) of Section 1170, the person guilty of the attempt shall be punished by imprisonment in the state prison or in a county jail, respectively, for one-half the term of imprisonment prescribed upon a conviction of the offense attempted."].)

4.